UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA    :    Crim. No. 14-CR-60154-RNS

v.    :

BRIAN HENDERSON    :

## FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States of America and BRIAN HENDERSON, (hereinafter referred to as the "defendant") agree that, if the case had proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt, through admissible evidence and testimony.

Accordingly, the defendant admits that the following facts are true and correct and meet all the elements of the offense charged in the Information to which the defendant is pleading guilty.

The elements of this offense are as follows:

First:  The defendant knowingly threatened that tampering with a consumer product, its labeling, or its container would occur;

Second:  The defendant acted under circumstances in which the threat might reasonably be expected to be believed;

Third:  The consumer product affected interstate or foreign commerce;

Fourth:  Had such tampering occurred it would have been done with reckless disregard for the risk that another person would be placed in danger of death and bodily injury, and under circumstances manifesting extreme indifference to such risk.

### The Extortion Scheme

At all times relevant to the charge in the Information, Company 1 was a consumer products company with offices in New Jersey, whose products were sold in interstate and foreign commerce. The defendant was a resident of Florida.

On or about July 28, 2013, the defendant contacted Company 1 by sending a message to Company 1 through its on-line Customer Care Center and threatened to place 20 poisoned containers of products sold by Company 1 on the shelves of 20 different stores unless he was paid an unspecified sum of money (the "July 28th Extortion Demand"). The message was addressed to the Chairman of the Board of Directors and the Chief Executive Officer of Company 1.

> The July 28th Extortion Demand read, in relevant part, as follows:
>> Attn: [REDACTED] Chairman of [Company 1]. I am the angel of death. I have put poison in 20 containers of your products. If you would like to stop me from putting them back on the shelves of 20 different stores, you will contact me at [REDACTED]. You will pay me what you owe me or I will cost you 1000â€™s [sic] of times as much. We can handle this quietly and cheaply, or loudly and very, very, expensively. You have until Fri. 8/2 at 5pm. EDT to respond.

On or about August 5, 2013, the defendant again contacted Company 1 by sending a message to Company 1 through its on-line Customer Care Center and again threatened to place 20 poisoned containers of products sold by Company 1 on the shelves of 20 different stores unless he was paid an unspecified sum of money (the "August 5th Extortion Demand").

> The August 5th Extortion Demand read, in relevant part, as follows:
>> I am the angel of death. I have put poison in 20 packages of your products. I will put them back on the shelves unless you pay me what you owe me. Last week I gave you an e-mail address that no longer works. You will have until Thurs 8/8 at 5pm to reply to my new e-mail address or I will replace the products and alert the media. You can handle this quietly and cheaply or publicly and very very expensive.

The government's evidence at trial would prove that records produced by Company 1 show that the August 5th Extortion Demand was transmitted from a particular Internet Protocol ("IP") address and that this particular IP address was owned by AT&T Records produced by AT&T would show that, on the dates and times it was used to send the August 5th Extortion Demand, the IP address was assigned to the wireless network of a restaurant in Dania, Florida (the "Dania Restaurant").

The government's evidence at trial would prove that security footage retrieved from the Dania Restaurant showed the defendant driving a blue scooter in the vicinity of the Dania Restaurant within minutes of the August 5th Extortion Demand being sent to Company 1.

The government's evidence at trial would also prove that on or about December 13, 2013, the defendant stated to law enforcement that he owned a blue scooter. The defendant's ownership of the scooter would further be confirmed by the Florida Department of Motor Vehicles. The scooter is similar in appearance to the one the defendant was observed riding in the security footage from the Dania Restaurant.

The government's evidence at trial would show that on or about December 14, 2013, law enforcement executed a search warrant at the defendant's residence. Contained within the electronic media seized during that search was a draft extortion demand created on or about August 1, 2013. In addition, the government's evidence at trial would show that on or about August 8, 2013, the user of a laptop recovered from the defendant's residence visited Company 1's website and bookmarked the web page for Company 1's on-line Customer Care Center, the same webpage that was used to communicate the July 28th Extortion Demand and the August 5th Extortion Demand.

                                                       WILFREDO A. FERRER
                                                       United States Attorney
                                                       for the Southern District of Florida

Date: 7/15/14

By:

Michael Walleisa
Assistant United States Attorney


Date: 7/15/14

By:

Sowmya Bharathi, Esq.
Attorney for Defendant


      I have read and reviewed with my attorney the above statement of facts and stipulate that the facts are true and correct.

Date: 7/15/14

By:

Brian Henderson
Defendant