UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CR-60154-RNS

UNITED STATES OF AMERICA

vs.

BRIAN HENDERSON
       Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office"), the United States Attorney's Office for the District of New Jersey and Brian Henderson (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to an Information to be transferred from the District of New Jersey which charges the defendant with knowingly threatening, under circumstances in which the threat may have reasonably been expected to be believed, that he would tamper with a consumer product that affects interstate and foreign commerce, or the labeling or, or container for, any such product with reckless disregard for the risk that another person would be placed in danger of death or bodily injury and under circumstances manifesting extreme indifference to such risk, in violation of Title 18, United States Code, Sections 1365(d).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be

determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to five years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may order restitution and may impose a fine of up to (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

4. The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the

special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.  If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but

3

not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines.

8. The defendant separately agrees to enter a guilty plea to Count 1 of the Indictment in United States v. Brian Henderson, Case Number 14-60004-CR-SCOLA.

9. The defendant also separately agrees to enter guilty pleas to counts 1 through 10 in United States v. Henderson 14-60044-CR-COOKE.

11. The government agrees to recommend that the sentences imposed in case numbers 14-60004-CR-SCOLA, 14-60044-CR-~~Cooke~~ SCOLA and the information filed in this case shall run concurrent, provided that the total advisory guideline range determined by the Court is at least 151-188 months or higher. 

12. The defendant agrees to a sentence at the high end of the sentencing guidelines range, that is the high end of the 151-188 month guideline range.

13. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court.  The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The

defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

14. The defendant agrees and understands that the Information referenced in paragraph 1 concerns the defendant's conduct between in and about July 2013 and in or about August 2013, specifically his threat to place tampered products of the Company (more fully described in the Information) on store shelves unless the Company paid the defendant money. This agreement and the defendant's plea of guilty to the Information resolves the defendant's federal criminal liability in the District of New Jersey growing out of any criminal conduct by the defendant known to that Office as of the date of this plea agreement, including but not limited to the above-described scheme.

15. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United

States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

16. This is the entire agreement and understanding between this Office, the United States Attorney's Office for the District of New Jersey, and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY
FOR THE SOUTHERN DISTRICT OF FLORIDA

Date: 7/15/14          By: _____
                           MICHAEL WALLEISA
                           ASSISTANT UNITED STATES ATTORNEY

PAUL J. FISHMAN
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

Date: 7/15/14          By: _____
                           ANDREW KOGAN
                           ASSISTANT UNITED STATES ATTORNEY

Date: 7/15/14          By: _____
                           GURBIR GREWAL
                           CHIEF, ECONOMIC CRIMES UNIT

Date: 6/26/14          By: _____
                           SOWMYA BHARATHI, AFPD
                           ATTORNEY FOR DEFENDANT

Date: 6/26/14          By: _____
                           BRIAN HENDERSON
                           DEFENDANT